UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

B9 ADLEY OWNER LLC,

    Plaintiff,

v.                                                       CASE NO. 8:22-cv-2533-KKM-SPF

DEREK HARGROVE and
CHERYL HARGROVE,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is *pro se* Defendant Derek Hargrove's Application to Proceed in District Court without Prepaying Fees or Costs, construed by the Court as a motion to proceed *in forma pauperis* (Doc. 2), and his Notice of Removal (Doc. 1).

### I.     Background

On October 3, 2022, in the Twelfth Judicial Circuit Court in and for Sarasota County, Florida, Plaintiff B9 Adley Owner LLC initiated a tenant eviction action under Florida law against Defendants Derek and Cheryl Hargrove for defaulting on their lease with Plaintiff (Doc. 1-1). Derek Hargrove, proceeding *pro se*, filed a notice of removal in this Court and an affidavit to proceed *in forma pauperis* (Docs. 1, 2). As a basis for removal, Hargrove alleges diversity and federal question jurisdiction: "This case brings about Federal Questions: Racketeering, Fraud, Extortion, Dishonor in Commerce, Breach of Contracts, Forgery, Abuse, and False Claims," and "involves diversity jurisdiction" and "admiralty jurisdiction." (Doc. 1 at 7).

## II. Defendant's *In Forma Pauperis* Request

Under 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures "that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). "[P]roceeding *in forma pauperis* is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) (citation omitted). While the district court has wide discretion in ruling on an application for leave to proceed *in forma pauperis*, it should grant such a privilege "sparingly" in civil cases for damages. *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916 (11th Cir. 2014)[1] (citing *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004)).

When considering whether a litigant is indigent under § 1915, the only determination to be made by the district court is whether the statements in the affidavit satisfy the requirement of poverty. *Martinez*, 364 F.3d at 1307. A litigant need not show he or she is "absolutely destitute" to qualify for indigent status. *Id.* (quotation and citation omitted). Rather, an affidavit will be deemed sufficient if it demonstrates that the litigant, because of his or her poverty, cannot pay for the court fees and costs and support and

---

[1] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

2

provide necessities for him or herself and any dependents. *Id.* "In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements." *Id.* "[C]ourts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006) (citation omitted).

Defendant's *in forma pauperis* motion (Doc. 2) indicates he is self-employed, receives $2,000 in monthly income from his marketing business, has $1,000 in cash and no money in the bank, has a one-year-old daughter, and has monthly expenses totaling $1,800. He lists no assets. Although Defendant's affidavit of indigency is not complete, the Court finds it is sufficient to demonstrate that he lacks the financial resources to pay the filing fee associated with the removal of Plaintiff's lawsuit from state court. The undersigned, however, recommends that Defendant's request to proceed *in forma pauperis* (Doc. 2) be denied because the Court lacks subject matter jurisdiction. *See HSBC Bank Nevada N.A. v. DeGeorge*, No. 3:14-cv-217-J-32JBT, 2014 WL 3721273, at * 2 (July 28, 2014) ("[W]here a defendant seeking leave to proceed in forma pauperis attempts to remove a case from state to federal court, the Court must deny the motion and remand the case to state court if federal jurisdiction is lacking.").

### III. Subject Matter Jurisdiction

A defendant may remove a case from state to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is

well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). A "district court first must determine whether it has original jurisdiction over the [asserted] claims." *Id*. Original jurisdiction under § 1441 arises if there is diversity of parties or a federal question. *See Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352 n.2 (11th Cir. 2003); *Blab T.V. of Mobile, Inc. v. Comcast Cable Comm.*, 182 F.3d 851, 854 (11th Cir. 1999). If a court does not have original jurisdiction, a district court must *sua sponte* remand a case due to lack of subject matter jurisdiction. *See Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1245-46 (11th Cir. 2004); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### A. Diversity Jurisdiction

The Court addresses diversity jurisdiction first. Under 28 U.S.C. § 1332, district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). For diversity purposes, a limited liability company such as Plaintiff is a citizen of any state of which a member of the company is a citizen. *See Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Id*. Here, Defendant Hargrove has not met his burden of showing diversity of citizenship, because he failed to adequately allege in his notice of removal either his citizenship or that of Plaintiff (*see* Doc. 1).

4

From the record before the Court, it appears Hargrove is a Florida citizen (*see* Doc. 1-1). If so, he is barred from removing this action under the forum defendant rule, codified at 28 U.S.C. § 1441(b)(2). *See Arbor Lakes Apartments Ltd. P'ship v. McLeod*, No. 8:19-cv-126-T-33TGW, 2019 WL 290605, at * 2 (M.D. Fla. Jan. 23, 2019) (remanding case based on lack of subject matter jurisdiction and noting that even if diversity of citizenship existed, the forum defendant ruled barred removal). Under this rule, a defendant is barred from removing an action based on diversity of citizenship if any properly joined and served defendant is a citizen of the forum state. 28 U.S.C. § 1441(b)(2). Additionally, to sufficiently allege the citizenship of Plaintiff, Hargrove must list the citizenships of all the members of the limited liability company. Because he failed to do so, he failed to carry his burden of establishing diversity jurisdiction. *See Rolling Greens MHP*, 374 F.3d at 1022.

And in any event, the amount in controversy is well less than the jurisdictional threshold of $75,000. The Complaint seeks eviction under Florida law and states that Hargrove owes $21,508.17 in past-due rent (Doc. 1-1 at 1).[2] Defendant's Notice of Removal (Doc. 1) lacks a single factual allegation that the amount in controversy exceeds $75,000. *See Arbor Lakes*, 2019 WL 290605, at * 2.

---

[2] Interestingly, although Plaintiff's Complaint states the amount Defendants owe in past-due rent, it also "demands judgment instanter against the defendant(s) for possession of the subject property, costs, and attorney's fees." (Doc. 1-1 at 1). And on the cover sheet Plaintiff filed in state court, it checks boxes indicating the action is one for residential eviction (*Id*. at 11). Under the heading "Remedies Sought," Plaintiff checked the box for "Nonmonetary declaratory or injunctive relief." (*Id*.). If Plaintiff seeks only possession of the real property, its claim lies in equity and cannot be reduced to a monetary sum for purposes of determining the amount in controversy. *See Novastar Mortg., Inc. v. Bennett*, 173 F.Supp.2d 1358, 1361-62 (N.D. Ga. 2001). Absent any measurable amount in controversy, the requirements of 28 U.S.C. § 1332 cannot be satisfied. *Id*. at 1362.

### B. Federal Question Jurisdiction

The Court next turns to whether a federal question exists to permit removal. A federal question exists if a civil action arises "under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. "To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 430-31 (1999); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1013 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on [a federal question] basis, even though a possible defense might involve a federal question."). The removing defendant must prove a federal question exists. *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005).

Defendant Hargrove generally references "the Constitution, laws, and treaties of the United States" (Doc. 1 at 3), admiralty law, and these "Federal Questions: Racketeering, Fraud, Extortion, Dishonor in Commerce, Breach of Contracts, Forgery, Abuse, and False Claims." (*Id*. at 7). But there is no indication that Plaintiff pleaded a federal claim in its eviction action against Defendant. Instead, Hargrove's unspecified reliance on federal law as the basis for removal appears to be only a defense to the eviction action or counterclaims. And a defense to a civil action does not provide a basis for removal. *See, e.g., Acker*, 527 U.S. at 431 (noting that an actual or anticipated defense rarely qualifies a case for removal); *Kemp v. Int'l Bus. Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) ("Because a federal question must appear on the face of the plaintiff's

complaint to satisfy the well-pleaded complaint rule, a defense which presents a federal question cannot create removal jurisdiction.").

### IV. Remand

Because the Court lacks subject matter jurisdiction, the case must be remanded under 28 U.S.C. § 1447(c). In addition, the case is due to be remanded because the Notice of Removal is signed only by Defendant Derek Hargrove (*see* Doc. 1). The removal statute requires "*all* defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). Derek Hargrove was named as a Defendant in the state court eviction action along with Cheryl Hargrove, who did not sign the notice of removal. For this reason alone, this case is subject to remand.

### V. Conclusion

It is **RECOMMENDED**:

1. Defendant's motion to proceed *in forma pauperis* (Doc. 2) be denied, and

2. The case be remanded to the Twelfth Judicial Circuit Court in and for Sarasota County, Florida, because this Court lacks jurisdiction over the state law eviction action presented in the complaint.

**IT IS SO REPORTED** in Tampa, Florida, on November 17, 2022.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

7

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.